UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARON SECURITY, INC. (d/b/a ARROW SECURITY),

                    Plaintiff,

        -against-

INTERNATIONAL SECURITY SOLUTIONS, INC., and AYK TSATOURYAN,

                    Defendants.
------------------------------------------------------------X

Docket No. 19-cv-1355

**COMPLAINT**

       Plaintiff, ARON SECURITY, INC. (d/b/a ARROW SECURITY), by its attorney, LAW OFFICES OF MICHAEL J. LANGER, P.C., as and for its Complaint, shows and alleges as follows:

### NATURE OF ACTION/PARTIES

      1.     That subject matter jurisdiction in this action is founded upon 28 U.S.C. § 1332.

      2.     That Plaintiff brings this action for monetary damages against Defendants, for failing to pay monies due and owing based upon Defendants' breach of the parties' agreement, accounts stated and services provided, leading to the unjust enrichment of Defendants.

1

3.      That at all relevant times hereinafter mentioned, Plaintiff ARON SECURITY, INC. (d/b/a ARROW SECURITY) ("Plaintiff") was and is a corporation duly organized and existing under and pursuant to the laws of the state of New York, maintaining a principal place of business at 300 West Main Street, Smithtown, New York, 11787.

4.      That, upon information and belief, and at all relevant times hereinafter mentioned, defendant INTERNATIONAL SECURITY SOLUTIONS, INC. ("ISS") was and is a corporation duly organized and existing under and pursuant to the laws of the State of California, maintaining a principal place of business at 2250 McGregor Drive, Rancho Cordova, California, 95670.

5.      That, upon information and belief, and at all relevant times hereinafter mentioned, defendant AYK TSATOURYAN ("TSATOURYAN") was and is a resident of the State of California, residing at 2250 McGregor Drive, Rancho Cordova, California, 95670.

6.      That, upon information and belief, heretofore, and at all relevant times hereinafter mentioned, defendant ISS was and is wholly owned by defendant TSATOURYAN.

7.      That, upon information and belief, heretofore, and at all relevant times hereinafter mentioned, defendant TSATOURYAN was and is the principal shareholder and operating officer of defendant ISS.

8.      That, upon information and belief, heretofore, and at all relevant times

hereinafter mentioned, defendant TSATOURYAN maintained complete domination over defendant ISS and exercised full and complete control over said entity.

9. That, upon information and belief, heretofore, and at all relevant times hereinafter mentioned, defendant TSATOURYAN utilized the corporate form and entity of ISS to induce Plaintiff to engage in work for which payment to Plaintiff is outstanding, warranting a piercing of the corporate veil of ISS.

10. That, upon information and belief, heretofore, and at all relevant times hereinafter mentioned, because defendant TSATOURYAN operated ISS as a "shell or dummy" corporation, controlled by TSATOURYAN for his own purposes, piercing the corporate veil of ISS is warranted.

11. That at all relevant times herein, Plaintiff is and has been a security guard company and security guard consulting company which provides security guard services for hire.

12. That heretofore, and at all relevant times hereinafter mentioned, Plaintiff provided security guard services to and on behalf of Defendants, at the urging and directing of Defendants and upon the promise that Defendants would pay all monies due and owing Plaintiff for said services.

13. That, Defendants agreed that Plaintiff would provide security guard services as and when ordered by said Defendants, for agreed upon and reasonable prices, payment to be made in full by Defendants as and when said services were provided.

14. That Plaintiff and Defendants have been doing business in this fashion since 2014 and have an established merchant relationship.

15. That Defendants contacted Plaintiff in New York and sought the use of Plaintiff's security guard services at specific locations in New York, to be provided on Defendants' behalf.

16. That Defendants came to New York to meet with Plaintiff and finalize all arrangements with respect to the use Plaintiff's security guard services at specific locations in New York, to be provided on Defendants' behalf.

17. That, in accordance with and pursuant to the Defendants' specific requests, and as a result of Defendants' repeated contacts with Plaintiff in New York, Plaintiff provided security guard services to and on behalf of Defendants at various locations in New York, and Defendants accepted without reservation and without objection, the provision of said services at the agreed upon and reasonable prices as set forth on the various invoices which accompanied each and every provision of security guard services.

18. That presently, unpaid invoices due and owing Plaintiff, during the relevant period covered in this lawsuit, from May 2017 through February 2018, total $153,988.39.

## FIRST CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs marked and numbered "1" through and including "18" as if more fully set forth at length herein.

20. That heretofore, Plaintiff and Defendants entered into an agreement wherein and whereby Plaintiff provided security guard services to Defendants at their special instance and urging.

21. That Defendants accepted without reservation and without objection, the provision of said services at the agreed upon and reasonable prices as set forth on the various invoices.

22. That the agreed upon and reasonable price of the security guard services for which payment has not been made is $153,988.39.

23. That Defendants breached the parties' agreement by failing and refusing to make timely payment to the Plaintiff the sum of $153,988.39, despite due demands therefore.

24. That as a result of Defendants' breach, Defendants owe Plaintiff, and is indebted to Plaintiff, the sum of $153,988.39, together with interest, costs and disbursements thereon.

**SECOND CAUSE OF ACTION**

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and numbered "1" through and including "24" as if more fully set forth at length herein.

26. That heretofore, at the specific request of Defendants, Plaintiff provided security guard services to Defendants at their special instance and urging, and Defendants accepted without objection the provision of said security guard services at the agreed upon and reasonable price of $153,988.39 which is presently outstanding and no part of which has been paid although duly demanded.

27. That the fair and reasonable value of the security guard services provided to Defendants, which remain unpaid by Defendants, is the sum of $153,988.39.

28. That no part of the $153,988.39 has been paid, although duly demanded.

29. That by virtue of the foregoing, Defendants have become unjustly enriched, and are indebted to the Plaintiff in the amount of $153,988.39, together with interest, costs and disbursements thereon.

### THIRD CAUSE OF ACTION

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and numbered "1" through and including "29" as if more fully set forth at length herein.

31. That heretofore, and during the relevant period, accounts were stated by Plaintiff to Defendants, and accurate statements were prepared and delivered showing the full amount of security guard services provided to and on behalf of the Defendants

during the relevant period.

32. That Defendants have retained the account statements without objection and have failed and refused to make payment as is required by the terms of the invoices.

33. That Defendants have received the foregoing statements without objection or protest and have thereby acknowledged their indebtedness to the Plaintiff.

34. That Defendants have failed to pay the sum of $153,988.39, although same has been duly demanded.

**WHEREFORE**, Plaintiff demands judgment on the Complaint against the Defendants:

a. On the First Cause of Action against the Defendants, a monetary award in the sum of $153,988.39, together with interest, costs and disbursements and counsel fees; and

b. On the Second Cause of Action against the Defendants, a monetary award in the sum of $153,988.39, together with interest, costs and disbursements and counsel fees; and

c. On the Third Cause of Action against the Defendants, a monetary award in the sum of $153,988.39, together with interest, costs and disbursements and counsel fees; and

d. Granting Plaintiff such other, further and different relief as many be

just, proper and equitable.

Dated: Mineola, New York
       March 8, 2019

                                        Yours, etc.,

                                        **LAW OFFICES OF**
                                        **MICHAEL J. LANGER, P.C.**

By:   _____
        Michael J. Langer, Esq. (ML 5100)
        *Attorneys for Plaintiff*
        114 Old Country Road, Suite 690
        Mineola, New York 11501
        (516) 308-2740

TO:    **INTERNATIONAL SECURITY SOLUTIONS, INC.**
        2250 McGregor Drive
        Rancho Cordova, California 95670

        **AYK TSATOURYAN**
        2250 McGregor Drive
        Rancho Cordova, California 95670