UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARON SECURITY INC.
(d/b/a ARROW SECURITY),

                    Plaintiff,

            -against-

INTERNATIONAL SECURITY SOLUTIONS, INC.,
AND AYK TSATOURYAN,

                    Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-1355 (JMA) (AYS)

FILED
CLERK
1:31 pm, Aug 07, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Aron Security Inc. ("Plaintiff") for default judgment against defendants International Security Solutions, Inc. and Ayk Tsatouryan ("Defendants") to recover $153,988.39 in unpaid invoices. For the reasons stated herein, Plaintiff's motion is GRANTED, and Plaintiff is awarded a default judgment against Defendants in the amount of $153,988.39.

## I. DISCUSSION

### A. Defendants Defaulted

Defendants were properly served in the action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here,

Plaintiff brings claims for breach of contract, unjust enrichment, and account stated. (ECF No. 1 at 4-7.) The Court finds that the allegations in the complaint are sufficient to establish Defendants' liability.

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that the declaration of Plaintiff's Chief Operating Officer and the attached unpaid invoices establish damages of $153,988.39 to a reasonable certainty. (ECF No. 10-2.)

## II. CONCLUSION

The Clerk of Court is respectfully directed to enter judgment against Defendants for $153,988.39 in damages and close this case. Plaintiff is also directed to serve a copy of this Order on Defendants and file proof of service on ECF within seven (7) days.

**SO ORDERED.**

Dated:  August 7, 2020
       Central Islip, New York

                                                  /s/   (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE